UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ALFRED REED,

    Plaintiff,

v.                                        Case No. 3:05-cv-615-J-25TEM

GEORGIA-PACIFIC CORPORATION, Georgia corporation,

    Defendant.
_____/

## ORDER

This cause is before the Court on Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint (Dkt. 9), and Plaintiff's response thereto (Dkt. 11).

## I. Background

The following facts are alleged in Plaintiff's Amended Complaint, and presumed to be true for purposes of this motion. On May 1, 2002, Plaintiff, a truck driver formerly employed by Defendant, injured his neck and right shoulder on the job and requested medical treatment. Pl. Am. Compl. ¶¶ 1, 5, 27. Plaintiff's supervisor repeatedly told Plaintiff that his spinal and shoulder injury were just a "pulled muscle" in an effort to intimidate and coerce Plaintiff into not making a claim for protection under workers' compensation laws and also intimidated and coerced him into continuing to work after the injury, asking "You do not want to cost all these other guys their safety record, do you?". *Id.* at ¶¶ 29, 30, 31. Defendant discouraged him from receiving appropriate medical care in order to preserve its safety record, thus intentionally and knowingly causing Plaintiff to suffer additional and serious physical pain. *Id.* at ¶ 6. On May 7, 2002, Defendant approved Plaintiff's request for medical treatment and Plaintiff was seen by a physician's assistant. *Id.* at ¶ 34.   Mr. Cole, Plaintiff's supervisor, accompanied Plaintiff,

against his will, on his medical appointments in order to improperly intervene and prevent Plaintiff from receiving the medical care he needed, requesting that Plaintiff be given "over the counter stuff, so we don't lose our safety record." *Id.* at ¶¶ 8, 36. On May 16, 2002, Plaintiff had a second medical examination, was again accompanied by Mr. Cole, and was referred for physical therapy and recommended he be put on light duty. ¶ 37. Plaintiff's work was inappropriately scrutinized after he made a valid claim for benefits under the workers' compensation statute and was shortly thereafter terminated. ¶¶ 44-45. Plaintiff brings four claims against Defendants: 1) violation of ERISA, 2) Violation of § 440.205 of Fla. Stat., 3) intentional infliction of emotional distress, and 4) invasion of privacy. Defendant moves to dismiss counts III and IV for failure to state a claim upon which relief can be granted.

## II. Standard of Review

Dismissal for failure to state a claim upon which relief may be granted is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making this determination the Court is restricted to consideration of facts alleged in the complaint itself. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). Further, the facts set forth in the complaint must be viewed in the light most favorable to the plaintiff. *Quality Foods De Centro America v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Finally, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require a plaintiff to plead specific allegations of every situation or condition that may be presented at trial.

## II. Analysis

### A. Count III: Intentional Infliction of Emotional Distress

Plaintiff claims that Defendant intentionally inflicted emotional distress by refusing to provide necessary medical care for his on-the-job injury. Plaintiff further claims that this refusal, in order to preserve Defendant's safety record, was outrageous and caused mental anguish. Defendant moves to dismiss this claim arguing that as a matter of law its conduct was not extreme or outrageous, Plaintiff's claim is simply a re-statement of his claim for unlawful retaliation pursuant to Fla. Stat. § 440.205, and his claim is barred by Florida's Workers' Compensation Act.

In order to maintain a claim for intentional infliction of emotional distress, a Plaintiff must prove, among other elements, that the Defendant engaged in extreme and outrageous conduct. *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278. The threshold test to be followed in assessing behavior claimed to constitute the "intentional infliction of emotional distress" is whether such behavior is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'." *Id.* This determination is a question of law, not a question of fact. *Ponton v. Scarfone*, 468 So.2d. 1009, 1011 (Fla. Dist. Ct. App. 1985).

Upon review of Plaintiff's complaint, the Court finds that Plaintiff can prove no set of facts to support his claim for intentional infliction of emotional distress. Here, Plaintiff's allegations show that Defendant actively discouraged him from seeking medical attention for an

on-the-job injury.  However, Plaintiff's complaint states that he was able to see a doctor one week following the injury and when that treatment was ineffective, he was given additional medical attention 15 days after the injury.  While Defendant's alleged actions of discouraging him from seeking medical attention, pressuring Plaintiff not to report the injury, minimizing the injury, accompanying him on his medical examinations, and requesting that he be given over the counter medication are in no way condoned by this Court, they do not rise to a level of extreme and outrageous behavior contemplated by the statute.  After all, Plaintiff received a proper diagnosis and a "light work" recommendation a mere 15 days following his injury.

Both parties rely on a recent Florida Supreme Court decision which allowed a claim for intentional infliction of severe emotional distress against an insurance carrier for "further subsequent and distinct injury in additional to injury at the workplace," due to the carriers' extreme and outrageous conduct.  *Aguilera v. Inservices, Inc.*, 905 So.2d 84, 96-97 (Fla. 2005).  In *Aguilera*, the court upheld the plaintiff's claim because the insurance carrier denied plaintiff authorization for urological treatment, advised him that his workers' compensation benefits were being terminated, blocked the receipt of prescription medication, precluded plaintiff from having emergency surgery for more than 10 months during which time the plaintiff had been urinating feces and blood.  While the court refused to grant blanket immunity under the workers compensation exclusivity provision, the court also stated, "we do not alter and recognize the continued viability of the cases holding that the mere delay of payments or simple bad faith handling of workers' compensation claims are not actionable torts." *Id.* at 91.  The Court finds that while Georgia-Pacific's actions may have been wrongful, woeful, and in bad faith, causing undue delay in Plaintiff's receipt of benefits, its actions do not arise to a level of extreme and

outrageous behavior that would support a claim for intentional infliction of severe emotional distress. Therefore, count III of Plaintiff's complaint is dismissed.

## B. Count IV: Invasion of Privacy

Plaintiff claims that Defendant invaded his privacy by actually entering the examining room with him during his doctor's appointments. Defendant moves to dismiss this claim arguing that Plaintiff had no expectation of privacy during his medical examination.

The common law tort of invasion of privacy can be premised on the "physical or electronic intrusion into one's private quarters." *Allstate Insurance Company v. Ginsberg*, 863 So.2d 156, 162 (Fla. 2003). Defendant argues that when seeking compensation for a work-related injury, an employee has no reasonable expectation of privacy from his employer in a physician's office. Defendant relies on Section 440.13(4)(c) which states, "[a]n employee who reports an injury or illness alleged to be work-related waives any physician-patient privilege with respect to any condition or complaint reasonably related to the condition for which the employee claims compensation." Fla. Stat. § 440.13(4)(c). Because the statutory scheme is premised on a health care provider establishing a possible causal connection to a workplace incident, and the communication of that information to an employer's insurance carrier, and employee consents to the disclosure of the information when seeking treatment. *S & A Plumbing and FCCI v. Kimes*, 756 So.2d 1037, 1042 (Fla. Dist. Ct. App. 2000). Therefore, Defendant posits, Plaintiff had no expectation of privacy during his medical examination.

The Court finds Defendant's argument unpersuasive. The workers' compensation scheme does rely on the information determined by a health care provider, and an employee does not have a privacy interest in the medical records which are produced to the employer and the

employer's insurance agency. However, the issue in this case is significantly different from the sharing of medical records. The workers' compensation statute certainly does not require, nor does it allow an employer to enter the examining room during a medical examination against an employee's will. As stated in *Aguilera,* this type of intentional behavior rises to the extent of "invading the privacy of [plaintiff's] medical appointments." 905 So.2d. at 97. Viewing the facts in a light most favorably to Plaintiff, he does state a claim for invasion of privacy, and Defendant's motion to dismiss count IV is denied.

Accordingly, it is **ORDERED**:

Defendant's Motion to Dismiss Counts III and IV (Dkt. 9) is **GRANTED in part**, with respect to Count III, and **DENIED in part**, with respect to Count IV.

**DONE AND ORDERED** in Chambers this __23__ day of __January__, 2006.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record